The order below is hereby signed.

Signed: May 9 2022



Elizabeth L. Gunn
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:** | Case No. 06-00457-ELG |
| **Magali Barbaran,** | |
| Debtor. | Chapter 13 |

**MEMORANDUM OPINION AND ORDER DENYING DEBTOR'S**
**MOTION TO SEAL MEMORANDUM OPINION**

Before the Court are the *Motion to Reopen Chapter 13 Case* (ECF No. 57) (the "Motion to Reopen") and the *Motion to Seal Document* (ECF No. 59) (the "Motion to Seal") filed by Magali Barbaran (the "Debtor") on December 2, 2021. The Debtor, by counsel, seeks to reopen Case No. 06-00457-ELG to seal the Memorandum Opinion issued by this Court on March 30, 2007 (ECF No. 35) and published in the Bankruptcy Reporter at 365 B.R. 333 (Bankr. D.D.C. 2007).[1] For the reasons set forth below, the Debtor's Motions are DENIED.

### I.    Background

On November 29, 2006 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.[2] On December 5, 2006, the chapter 13 trustee filed a *Motion to Dismiss* (ECF No. 16) the Debtor's chapter 13 case pursuant to this Court's prior

---

[1] This case was reassigned to Judge Gunn after the filing of the motions.

[2] Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). All section references herein shall be the Bankruptcy Code specifically stated otherwise.

precedent in *In re Mills*, 341 B.R. 106 (Bankr. D.D.C. 2006), which found that the language of § 109(h) in effect as of the Petition Date required a debtor to have obtained a credit counseling briefing at least one calendar day prior to the filing of a petition. Mot. to Dismiss, ECF No. 16, 11 U.S.C. § 109 (2006). As set forth in the Motion to Dismiss, the chapter 13 trustee sought to dismiss the Debtor's case because the Debtor received her credit counseling briefing the same day as the Petition Date. On March 30, 2007, this Court issued a memorandum opinion reversing its prior *Mills* precedent, instead adopting a "prior to the time of filing" test, and denying the chapter 13 trustee's Motion to Dismiss (the "2007 Opinion"). Mem. Decision, ECF. No. 35; *In re Barbaran*, 365 B.R. 333 (Bankr. D.D.C. 2007).[3] Due to the precedential nature of the 2007 Opinion, the Court specifically marked the 2007 Opinion for publication in the West Bankruptcy Reporter. Two years later in March 2009, the Court granted the Debtor's voluntary motion to dismiss this case (ECF No. 48) and the case was closed in April 2009.

In August 2009, the Debtor, *pro se*, filed an unsigned letter requesting the Court seal her bankruptcy case based upon the frequency of the appearance of her name in search engines as a result of the 2007 Opinion. ECF 51. By order, this Court struck the unsigned letter from the docket, but also advised the Debtor that even-if the letter was signed, the Court could not grant the relief requested. ECF No. 52. Nevertheless, in October 2010, the Debtor, again *pro se*, filed a letter

---

[3] Effective in 2010, Congress passed multiple amendments to the Bankruptcy Code, including to § 109(h), which now reads:

> [A]n individual may not be a debtor under this title unless such individual has, during the 180-day period *ending on the date of filing of the petition* by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) [11 USCS § 111(a)] an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1) (amended P.L. 111-16, § 2(1), 123 Stat. 1607 (May 7, 2009); 75 Fed. Reg. 8747 (Feb. 25, 2010); P.L. 111-327, § 2(a)(6), 124 Stat. 3557 (Dec. 22, 2010)) (emphasis added). Accordingly, this amendment to the Code resolved the issue at the heart of the 2007 Opinion.

requesting that this Court seal the 2007 Opinion. ECF No. 54. In the renewed request, the Debtor again argued that the frequency with which people enter her unique name into a search engine resulted in the discovery of the 2007 Opinion and her prior bankruptcy necessitated the Court's removal of her name from the 2007 Opinion. In November 2010, the Court entered an order denying the Debtor's request to seal the 2007 Opinion, finding that doing so would be inconsistent with statutory authority requiring public access to documents filed in a bankruptcy case. ECF No 55.

Over a decade later, on December 2, 2021, the Debtor filed, by counsel, the Motion to Reopen and the Motion to Seal once again asking this Court to seal from the general public the 2007 Opinion. The Motion to Reopen was filed solely to have the Debtor's case reopened to pursue to Motion to Seal. In the Motion to Seal, the Debtor argues the utility of the 2007 Opinion is moot due to the Congressional modifications to § 109(h), and therefore, the Court should "re-code" the memorandum opinion so it will be removed from the system known as GovInfo (and presumably search engine results). At the same time, the Debtor states that she is not requesting that the 2007 Opinion be "removed from any published legal reporter," instead solely be "sealed or re-coded as a non-public opinion." ECF No. 59, ¶¶ 12, 13. The Debtor is conflating the term "seal" with "re-coding" in the GovInfo system, but the ultimate relief requested in the Motion to Seal is for the Court to seal the 2007 Opinion. Therefore, the Court will analyze the Debtor's request under the standards for a motion to seal.

In the Motion to Seal the Debtor relies upon authorities identified as "Section 20[5](c)(3) Privacy and Security Concerns," "Section 208 Privacy Provisions," and "The Sealing Court Records and Proceedings: A Pocket Guide, Robert Timothy Regan, Federal Judicial Center 2010." The citations to the sources are neither complete nor accurate, however, upon review and further

research, the Court infers that the Debtor is relying in part upon certain provisions of the E-Government Act of 2002, P.L. 107-347, 116 Stat. 2899 (2002) and the non-binding publication created to support education programs for the judicial branch by Robert Timothy Reagan, *Sealing Court Records and Proceedings: A Pocket Guide* (Federal Judicial Center 2010).. As set forth in this Court's prior orders and again herein, the Debtor's request is inconsistent with the Bankruptcy Code and other applicable law and reliance on these sources is misplaced. The Court remains sympathetic to the Debtor's situation, but as stated in the prior orders denying the requested relief, the Court is unable (even at this remote date) to grant the requested relief.

## II.  Discussion

*a. Legal Standard to Seal Documents Under the Code*

A paper filed in a case under the Bankruptcy Code and on the dockets of this Court, including orders entered by the Court, "are public records and open to examination by an entity at a reasonable time without charge." 11 U.S.C. § 107(a). A strong presumption favoring public access exists as to papers filed in a bankruptcy matter. *Id.*; *see also In re Thomas*, 583 B.R. 385, 390 (Bankr. E.D. Ky. 2018); *In re Food Mgmt. Group, LLC*, 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007); *In re Hemple*, 295 B.R. 200, 201 (Bankr. D. Vt. 2003) ("The Bankruptcy Code creates the presumption that all documents in bankruptcy cases are public documents."). The statutory exceptions to the public access to records requirement are set forth in §§ 107(b) and (c). Under § 107(b), a court may seal a document to (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title. 11 U.S.C. § 107(b). Further, under § 107(c), a court may seal information containing means of identification of an individual (i.e. social security number, driver's license number) if the court

finds that disclosure would create an undue risk of identity theft or other unlawful injury to the individual. 11 U.S.C. § 107(c). None of the listed exceptions are present in this case.

  i.  *Scandalous or Defamatory Matter under § 107(b)*

A party seeking to seal an otherwise public bankruptcy document bears the burden of establishing entitlement to relief under § 107(b).[4] *In re Creighton*, 490 B.R. 240, 244 (Bankr. N.D. Ohio 2013). Accordingly, to succeed in sealing a document under § 107(b), the proponent "must submit 'evidence that filing under seal outweighs the presumption of public access to court records.'" *In re Gitto Global Corp.*, 321 B.R. 367, 373 (Bankr. D. Mass. 2005) (quoting *In re Muma Servs. Inc.*, 279 B.R. 478, 485 (Bankr. D. Del. 2002)). Only "clear evidence" that the document in question should be sealed pursuant to § 107(b) is sufficient to overcome the presumption of public access afforded to documents filed in connection with a bankruptcy case. *In re Food Mgmt. Group, LLC*, 359 B.R. at 558.

Nothing in the 2007 Opinion contained trade secrets or commercial information, thus the Debtor is not entitled to relief under § 107(b)(1), and only subsection (2) of § 107(b) is at issue in this case. As set forth above, § 107(b)(2) allows courts to seal documents containing "scandalous or defamatory matter." 11 U.S.C. § 107(b)(2). "Scandalous or defamatory matter" is not defined by the Bankruptcy Code, but has been interpreted by courts to consist of "material that would cause a reasonable person to alter their opinion of a party based on the statements therein, taking those statements in the context in which they appear." *In re Fibermark, Inc.*, 330 B.R. 480, 507 (Bankr. D. Vt. 2005) (quoting *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995)). In applying this standard, courts have come to differing tests for analyzing whether the moving party seeks to seal a document either as "defamatory" or

---

[4] The Court's authority under § 107 to seal documents filed in a bankruptcy proceeding is mirrored in Federal Rule of Bankruptcy Procedure 9018, which provides for the implementation of § 107 protections. *See* Fed. R. Bankr. P. 9018.

as "scandalous." *In re Gordon Props., LLC*, 536 B.R. 703, 711-12 (Bankr. E.D. Va. 2015) (collecting cases).

Although not specifically alleged, the Debtor's Motion to Seal implies that the appearance of her name in internet searches as a result of the 2007 Opinion negatively impacts her reputation, which the Court will interpret as an allegation that the 2007 Opinion is either of defamatory or scandalous in nature for purposes of this Opinion. In support of this position, the Debtor argues that her status as a schoolteacher and small business owner necessitates that the 2007 Opinion be sealed to avoid students and prospective customers discovering her bankruptcy filing through an internet search. Mot. to Seal at ¶ 13, ECF No. 59. Specifically, the Debtor alleges that the ease with which individuals discover her bankruptcy filing through a routine internet search of her name interferes "with her right to live in peace and her right to life, liberty and pursuit happiness [sic]." *Id.* The Debtor points to the now-moot issue addressed in the 2007 Opinion as further justification for sealing the memorandum. *Id.* However, whether a document contains previously accurate legal analysis that is currently moot is not a factor a court must assess in considering a motion to seal under § 107. The Court must examine whether the document meets the standard as either "defamatory" or "scandalous" to grant such relief.

In considering what is "defamatory," the First Circuit Court of Appeals in *Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp)* adopted a definition utilized by the majority of bankruptcy courts considering the issue. 422 F.3d 1 (1st Cir. 2005); *see In re Gordon Props.*, 536 B.R. at 712. Under the *Gitto* standard, material is defamatory if such material "would cause a reasonable person to alter his opinion of an interested party." *In re Gitto Global Corp.*, 422 F.3d at 14. The opinion explains that the protections of § 107(b)(2) are appropriate if the moving party establishes by clear evidence that either "(1) the material is untrue, or (2) the

material is potentially untrue and irrelevant or included within a bankruptcy filing for an improper end." *Id*. The two-pronged test does not require a bankruptcy court to undertake an extensive fact-finding expedition because "protection on this basis is available only in the rare case where the untruthfulness is readily apparent." *Id.* at 11. Indeed, "protection against 'defamatory matter' only applies for statements that are untrue, and that can be clearly shown to be untrue without the need for discovery or a mini-trial." *In re Food Mgmt. Grp., LLC*, 359 B.R. at 556. None of the material facts at issue in this case in the 2007 Opinion – the Debtor's name, existence of her bankruptcy petition, or the existence of the 2007 Opinion – meet this standard. Therefore, the 2007 Opinion cannot be sealed under § 107(b)(2) as defamatory.

Unlike "defamatory," there is less consensus among courts that have considered the issue as to the definition of "scandalous" under § 107(b)(2). Courts have adopted definitions from a variety sources to determine the meaning of "scandalous" prior to applying the chosen definition to the facts and circumstances of the case at hand for purposes of § 107(b)(2). *Compare Father M v. Various Tort Claimants (In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417 (9th Cir. 2011) (applying the Oxford English Dictionary definition and plain meaning of "scandalous"); *with In re Food Mgmt. Grp., LLC*, 359 B.R. at 554 (applying the Black's Law Dictionary definition of "scandalous" and the Second Circuit's interpretation under Fed. R. Civ. P. 12(f)). Generally, the term scandalous "refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[3] (3d ed. 2022). However, no matter which definition is utilized, "mere embarrassment or harm caused to the party is insufficient to grant protection under § 107(b)(2)." *In re Food Mgmt. Grp., LLC*, 359 B.R. at 561. Given the Debtor's arguments in the Motion to Seal, the Court does not need to select

a specific definition of "scandalous" in this case. The Debtor's embarrassment due to her past bankruptcy filing or the filing's impact on her business is not "scandalous" under any definition of the term. Furthermore, the Debtor does not identify anything in the 2007 Opinion she alleges to be "scandalous," merely that the issue in the decision itself it is now moot due to Congressional modifications to the Bankruptcy Code. Therefore, the 2007 Opinion cannot be sealed under § 107(b)(2) as containing scandalous information.

The applicability of § 107(b) in this case is nearly identical to the question of whether to seal certain bankruptcy documents by a teacher-debtor faced by bankruptcy court in *In re Creighton*, 490 B.R. 240 (Bankr. N.D. Ohio 2013). In *Creighton*, the debtor argued that the ridicule and change in community opinion caused by public access to her bankruptcy filings was sufficient cause to seal documents on the docket under § 107(b)(2). *Id.* at 243. The court in *Creighton* disagreed, emphasizing that the voluntary filing of bankruptcy cannot rise to the level of "scandal" necessary to justify sealing public documents under § 107(b). *Id.* at 247. Similar to the debtor in *Creighton*, by filing a bankruptcy petition, the Debtor voluntarily disclosed her name to seek the protection afforded by the Bankruptcy Code and, despite such a filing's impact on the debtor's community reputation, cannot use the same to seek to redact such information from the public docket. *Id.*

The Debtor alleges that the mere existence of the 2007 Opinion as evidence of her bankruptcy case is scandalous and offers no further reason to redact or otherwise restrict access to the document. *See* Mot. to Seal, ECF No. 95. Nothing contained in the Court's docket or the 2007 Opinion is scandalous or defamatory in nature. A voluntary bankruptcy filing is not something that would tarnish the integrity of the court or unnecessarily implicates the moral character of the

movant. *In re Food Mgmt. Grp., LLC*, 359 B.R. at 554. Therefore, there are no grounds to grant the Motion to Seal under § 107(b).

  ii. *Information Protected under § 107(c)*

Under § 107(c), the Court is empowered to protect personal "information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property." 11. U.S.C. § 107(c)(1). Nothing in § 107(c) creates a private cause of action, but rather gives the Court authority to restrict public access of certain information for cause. *French v. Am. Gen. Fin. Servs. (In re French)*, 401 B.R. 295, 306 (Bankr. E.D. Tenn. 2009). The type of information protected under § 107(c) may "include 'any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual.'" *In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733, 748 (Bankr. D. Del. 2018) (citing 18 U.S.C. § 1028(d)). Accordingly, while the Debtor may seek to have information protected for purposes of preventing unlawful activity using that information, such as identity theft, § 107(c) does not allow the Court to remove documents from the public docket for the purposes of personal reputation, as requested by the Debtor. Therefore, the Court will not seal the 2007 Opinion under the authority provided by § 107(c).

  iii. *The Inapplicability of the Authority Cited by the Debtor*

In support of her request, the Debtor refers and quotes sections 205 and 208 of the E-Government Act of 2002 without proper citation, indication how the legislation is applicable, or how it is binding on this Court. Nevertheless, the Court will briefly address how the Debtor's reliance on this authority is misplaced. Instead, the correct reference should be to Federal Rule of Bankruptcy Procedure 9037, adopted in 2007.

The E-Government Act became effective in 2003 and was designed to usher in the adoption of internet-based tools by the federal government. *See* E-Government Act of 2002, P.L. 107-347, 116 Stat. 2899 (2002). Section 205 of the E-Government Act is applicable to federal courts, but not in the fashion the Debtor would have the Court adopt. Section 208 of the E-Government Act is likewise instructive to federal agencies not with the force of law, but as a note to 44 U.S.C. § 3501. Section 208 of the E-Government Act is purported to "ensure sufficient protections for the privacy of personal information as agencies implement citizen-centered electronic Government," and instructs agencies to conduct various privacy related assessments prior to enacting a privacy policy, as well as to put privacy policies on their websites. *See* § 208(a)-(c) of the E-Government Act. Nothing in these provisions of the E-Government Act provides a basis for the Court to seal or otherwise remove from publication a published opinion of the Court. Instead the E-Government Act established a requirement that the judicial branch create certain policies, protocols, and/or rules for the judiciary to enter into the internet era. *See In re Haefner*, 345 B.R. 588, 589-90 (Bankr. N.D. Ohio 2006).[5] As a result, Bankruptcy Rule 9037 was adopted in 2007 in compliance with the E-Government Act, and as the 2007 Committee Note on the rule states, the rule "goes further than the E-Government Act in regulating paper filings even when they are not converted to electronic

---

[5] Specifically, the court in *Haefner* stated:

> At its center, § 205 requires that federal courts establish and maintain a website wherefrom the public may access information. Among the information required to be made available is the court's docket and documents related thereto which are filed electronically. § 205(a)(4) and (c)(1). In enacting the E-Government Act, however, Congress also sought to address the attendant problems which could arise when making court documents, many of which contain sensitive information, readily available to the public by means of the internet. As a result, in § 205(c)(3) of the E-Government Act, entitled 'Privacy and Security Concerns,' it is provided that the "Supreme Court shall prescribe rules . . . to protect privacy and security concerns relating to electronic filing of documents and the public availability under this subsection of documents filed electronically." § 205(c)(3)(A)(I). Specifically contemplated in the Act as a viable method by which to accomplish this Congressional mandate is the redaction of certain categories of information. § 205(c)(3)(A)(iv)-(v).

345 B.R. at 589-90.

form." Fed. R. Bankr. P. 9037 advisory committee note to 2007 enactment. The Committee Note to Rule 9037 highlights the policy that documents in case files generally should be made available electronically to the same extent they are available at the courthouse, provided that certain 'personal data identifiers' are not included in the public file." *Id*. Nothing in Bankruptcy Rule 9037, the rule promulgated to comply with the E-Government Act, supports the Debtor's request to seal the 2007 Opinion.

The Debtor further refers the Court to a reference pocket guide created for the judiciary for the proposition that:

> The court has discretion to weigh the need for secrecy against the public's right of access. Court records should be sealed to keep confidential only what must be kept secret, temporarily or permanently as the situation requires. Sealing of judicial records is not considered appropriate if it is done merely to protect parties from embarrassment.

Robert Timothy Reagan, *Sealing Court Records and Proceedings: A Pocket Guide* 17 (Federal Judicial Center 2010) (footnotes omitted). The Court agrees that it is within its discretion to seal a published opinion of the Bankruptcy Court when the content thereof is of a nature that should be sealed. As discussed *supra*, while the legal issue in the 2007 Opinion is now moot due to the change to § 109(h), that is not a basis to seal or otherwise recharacterize a previously reported decision of this Court. Furthermore, the passage of time has not resulted in a situation whereby the content that was previously appropriate for publication must now be sealed. The content of the 2007 Opinion remains appropriate for publication today in 2022. Therefore, none of the authority cited by the Debtor supports or provides a basis upon which the Court must seal the 2007 Opinion.

### III.    Conclusion

Therefore, for the reasons stated herein, the Motion to Seal is DENIED. Because the Debtor's Motion to Reopen was filed solely for the purpose of pursing the Motion to Seal, it is DENIED as moot.

[Signed and dated above.]

Copies to: the Debtor, all counsel of record.